NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1478
_____

UNITED STATES OF AMERICA

v.

ABDUL K. JONES,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal Action No. 07-21J
(Honorable Kim R. Gibson )
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 18, 2010

Before: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

(Opinion Filed July 27, 2010)

OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant Abdul K. Jones pled guilty to unlawful possession of firearms by a

convicted felon, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and was sentenced to

110 months' imprisonment. Prior to entering his plea, Jones moved to suppress evidence obtained during a search of two vehicles. The District Court denied the motion. Jones appeals from the District Court's order denying his suppression motion and the District Court's imposition of a two-level sentencing enhancement for possession of a stolen firearm. We will affirm.

I.

We write for the parties and discuss the underlying facts and history only to the extent necessary to resolve the issues that Jones raises on appeal. Detective Haymaker of the Johnstown Police Department arrested Jones at his residence for failing to appear for a hearing in state court on a felony riot charge. When Haymaker accompanied Jones's girlfriend, Heather McClain, to the bedroom to retrieve some of Jones's possessions, he saw a box of ammunition underneath a stack of baseball hats in the closet. Haymaker suspected that Jones, who had told Haymaker that he was a convicted felon, had violated 18 Pa. C.S.A § 6105, which prohibits those convicted of enumerated felonies from possessing firearms.

While Jones was being processed for detention, another law enforcement officer interviewed McClain. McClain stated that Jones had once told her there were firearms in his Ford truck. McClain further stated that she had seen a firearm in Jones's possession. Based on this information, Haymaker filed an affidavit in support of a warrant to search two vehicles in Jones's possession. The affidavit described the preceding events as support for Haymaker's suspicion that Jones had violated 18 Pa. C.S.A § 6105. A

-2-

magistrate issued the search warrant, and Haymaker's search of the Ford truck operated by Jones revealed four handguns.

Jones was indicted for unlawful possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Prior to trial, Jones moved to suppress the introduction of the firearms obtained from the truck. The District Court held that the warrant was deficient because Haymaker's affidavit did not give the magistrate a substantial basis to justify the vehicle search. In particular, the District Court noted that 18 Pa. C.S.A. §6105 only makes it unlawful for people convicted of certain felonies to possess firearms and that Haymaker's affidavit failed to specify Jones's prior felony conviction. While the District Court found a substantial basis for probable cause lacking, it did not suppress the firearms obtained from execution of the warrant because the Court held that the good faith exception to the exclusionary rule applied to bar suppression.[1]

While preserving his right to appeal the suppression issues, Jones pled guilty to unlawful possession of firearms and was sentenced to 110 months' imprisonment.

## II.

On appeal, Jones argues that the District Court incorrectly applied the good faith exception to the exclusionary rule because the lack of probable cause for the search

---

[1]Ammunition seized pursuant to a separate warrant to search Jones's house was suppressed by the District Court for lack of probable cause. The District Court concluded that the good faith exception did not apply because it was unreasonable for Haymaker to execute the warrant when Jones's possession of ammunition violated no laws. This ruling is not at issue on appeal.

warrant and the failure to particularize the places to be searched made Haymaker's reliance on the search warrant unreasonable. Jones additionally argues that it was an abuse of discretion to apply a two-level sentence enhancement for possession of a stolen firearm. We disagree.[2]

The good faith exception is designed to balance the costs and benefits of the exclusionary rule by permitting the admission of "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon*, 468 U.S. 897, 922 (1984). Stated differently, exclusion is inappropriate when a reasonable and well-trained officer would not have known that the warrant issued by a magistrate judge was deficient. *See United States v. Hodge*, 246 F.3d 301, 307 (3d Cir. 2001). We have identified four narrow situations in which an officer's reliance on a warrant is unreasonable:

> (1) Where the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit; (2) Where the magistrate abandoned his or her judicial role and failed to perform his or her neutral and detached function; (3) Where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) Where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*United States v. Zimmerman*, 277 F.3d 426, 436-37 (3d Cir. 2002). Jones contends that

---

[2] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's determination that the good faith exception to the exclusionary rule applies. *United States v. Hodge*, 246 F.3d 301, 307 (3d Cir. 2001). The standard of review of the District Court's sentencing is abuse of discretion. *Gall v. United States*, 552 U.S. 38 (2007).

the third and fourth circumstances are applicable here. We cannot agree.

First, Jones fails to show that indicia of probable cause were so lacking as to make Detective Haymaker's reliance on the warrant entirely unreasonable.[3] Despite the deficiencies in the search warrant that the District Court held made the magistrate judge's finding of probable cause erroneous, we agree with the District Court that it would not have been obvious to a reasonable law enforcement officer that the search was illegal. *United States v. Tracey*, 597 F.3d 140, 152 (3d Cir. 2010) (citation omitted). Jones's argument on this point is twofold - he contends that it was entirely unreasonable for Haymaker to have relied upon the warrant (1) because his affidavit did not specify Jones's prior felony, notwithstanding the fact that 18 Pa. C.S.A. § 6105 applies only to certain enumerated felony convictions; and (2) because McClain's statement that there were firearms in Jones's vehicles was speculative.

As to the first point, we agree with the District Court that "Haymaker's failure to elaborate on the basis of the felony conviction fails to establish probable cause for a violation 18 Pa. C.S.A. § 6105, but does not present a void of information or a conclusory statement . . . that would allow him to conclude that relying upon the warrant to search and seize firearms would be 'unreasonable.'" (App. at 33.) Nor does the speculative

---

[3] Probable cause exists when "all the circumstances set forth that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Burton*, 288 F.3d 91, 103 (3d Cir. 2002). Our review of whether it was objectively reasonable for Haymaker to rely on the magistrate judge's determination that probable cause existed is less rigorous than a review of a magistrate judge's probable cause determination itself. *See United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993).

-5-

nature of McClain's statement concerning the location of the firearms render Haymaker's reliance on the warrant so reckless as to justify exclusion. McClain had previously seen the firearm in Jones's possession, had instructed Jones to "get rid of the gun," and was, therefore, in a position to know where the weapons would be found. (App. at 49.) As the District Court concluded, although McClain's statement might not have been sufficient to give the magistrate a basis for probable cause, Haymaker was entitled to rely on the warrant. *See Tracey*, 597 F.3d at 152 (officer's "appreciation for constitutional intricacies are not to be judged by the standard applicable to lawyers") (citations omitted).

Second, Jones argues that the warrant failed to particularize the place to be searched by including in the search the only two vehicles Jones operated. Jones, however, is unable to show that the warrant so plainly failed to particularize that Haymaker's reliance on it was unreasonable. Overly general warrants authorize "a general exploratory rummaging in a person's belongings" and searches for vague categories of items such as "obscene materials" and "stolen property." *United States v. Ninety-Two Thousand and Four Hundred Twenty-Two Dollars and Fifty-Seven Cents,* 307 F.3d 137, 148 (3d Cir. 2002) (internal citations and quotations omitted). Based on his knowledge of the facts, it would not have been obvious to Detective Haymaker that the warrant failed to particularize a place to be searched. Detective Haymaker would have evaluated the facial sufficiency of the warrant based on the statement in his affidavit that McClain stated that she had seen Jones with a handgun that may be in one of the cars, referring to the two vehicles in front of Jones's residence. Additionally, it would not have

been obvious that a warrant permitting a search of only two vehicles, parked near each other outside Jones's residence, both of which Jones used, was overly general. In sum, because Jones has failed to show that the District Court erred in applying the good faith exception of *Leon*, we conclude that the District Court properly denied his motion to suppress.

Finally, Jones argues that the District Court erred in applying a two-level sentence enhancement for possession of a stolen weapon because, according to Jones, possession of a stolen weapon should require proof of scienter. We have previously rejected this very argument, holding that the application of a sentence enhancement for possession of a stolen weapon, pursuant to U.S.S.G. § 2K2.1(b)(4), requires no *mens rea. See United States v. Mobley*, 956 F.2d 450 (3d Cir. 1992). Contrary to Jones's argument, *Mobley* remains good law post-*Booker*, as the recent decisions of our sister circuits make clear. *See, e.g., United States v. Perez*, 585 F.3d 880, 883 (5th Cir. 2009); *United States v. Brown*, 514 F.3d 256, 269 (2d Cir. 2008). We thus find no error in the imposition of the enhancement.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.